26h 470
f 62ad186

CHARLES G. STEVENS and Another, Executors, etc., Respondents, *v.* ARTHUR MIDDLETON, ex parte CHARLES ELSTON, Appellant.

*Attachment — what the affidavits used on an application therefor must contain — what facts show an intent on the part of the debtor to dispose of his property and leave the State to defraud his creditors.*

Appeal by the appellant Elston from an order denying a motion, made in his behalf to set aside an attachment issued in favor of the plaintiffs against Middleton.

The application was made in behalf of Elston, who was a judgment creditor, in whose favor an execution was issued against the property of Middleton six days after the issuing of the attachment. The position was taken in support of the motion that the attachment was irregular for the reason that it was not made to appear by the affidavits that the action had then been actually commenced or the summons in it issued.

The court at General Term said: "By the provisions contained in the Code of Civil Procedure (§ 636) it has not been rendered necessary in support of an application for an attachment that the affidavits shall affirmatively show that the action has been commenced or a summons issued. All that has been required is that the cause of action shall be made to appear to be one of those in which an attachment may be issued, and that the amount claimed, where the action is upon a contract, shall be stated to be over and above all counter-claims known to the plaintiff; and in addition to that, that the party or corporation proceeded against has become liable to an attachment by reason of one or more of the circumstances mentioned in the second subdivision of the section.

"In no part of the section has it been rendered necessary to make

any further or other statements than these to entitle the party to an attachment. In this respect the provision is the same as that which was contained in the preceding Code, under which it was held to be unnecessary to state the fact now considered, affirmatively in the affidavits. For all the purposes of the proceeding it was sufficient that an action had actually been commenced or the summons in fact had been issued. (*Lawton* v. *Kiel*, 51 Barb., 30.)

" The affidavit which was made by one of the plaintiffs did state that the amount due to the plaintiffs was the sum mentioned in it over and above all counter-claims and deductions of every kind known to him, and that substantially conformed to what the Code had in this respect required to be set forth. For it is to be presumed if counter-claims existed in favor of the defendant that some knowledge of that fact would have been possessed by the plaintiff making this affidavit.

" The more important inquiry is that required for the disposition of the objection taken to the sufficiency of the affidavits. The attachment was issued because the defendant was about to depart from the State with the intent to hinder, delay and defraud his creditors, and to dispose of his property with the like intent. It was essential to support the proceedings that one, or both, of these facts should be established by the affidavits. The belief of the applicant in their existence was not of itself sufficient, but that must be shown by the circumstances substantiated in the case. These circumstances as they were presented, were that the defendant had failed to pay either the rent or the croton water tax which had become due under the terms of the lease executed by him to the plaintiffs, and had also failed to pay a promissory note previously given to them by him, and which was then overdue ; that he had sold and disposed of his interest in the lease and in the fixtures of the demised premises. That he had met requests for payment with evasive answers, and stated that within three days he was to leave the State and take his property to Connecticut; that he had been pressed for a settle-. ment, and had refused to state when or how he would pay, and had always deferred payment to a future period of time.

" The case presented by these circumstances is a very close one, but still it may reasonably be inferred from them as the defendant declined to pay his debts, and had put off the requests for payment

with evasive answers, and was about to take his property from the State and acquire a residence elsewhere, that he did not intend to pay the plaintiffs, and that it was a part of his design to place his property beyond their reach.

"It is not always practicable to establish by proof the existence of a fraudulent intent on the part of the debtor, even when in reality it exists.

"Direct proof of the fact can rarely be obtained, and when it is established it must ordinarily be inferred from circumstances. The facts as they are disclosed in this case, in the absence of any explanation on the part of the debtor, justify the inference, that his movements were prompted by the intent alleged in the attachment. It is sufficient that such an inference was warranted by the circumstances, and as that was their effect the motion to discharge the attachment was properly denied by the court."

*Samuel Greenbaum*, for Charles Elston, a judgment creditor of defendant Arthur Middleton, appellant.

*G. Zabriskie*, for the respondents.

Opinion by DANIELS, J.; DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.